THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| APPROXIMATELY $748,150.43 IN | : | |
| UNITED STATES CURRENCY; ONE 2009 | : | |
| CHEVROLET CORVETTE, VIN | : | |
| 1G1YY25W395109663; ASSORTED | : | |
| ELECTRONICS; AND APPROXIMATELY | : | |
| $45,892.00 IN UNITED STATES | : | |
| CURRENCY; | : | |
| Defendants. | : | |

### Complaint for Forfeiture

COMES NOW the United States of America and files this Complaint for Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), showing the Court as follows:

1.  The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1395.

3.  Between February 25, 2012, and March 14, 2012, Cobb County Police Department ("CCPD") and Marietta, Cobb, Smyrna ("MCS") Narcotics officers seized approximately $748,150.43 in United States currency; one 2009 Chevrolet Corvette bearing VIN 1G1YY25W395109663; assorted electronics; and approximately $45,892.00 in United

1

States currency (collectively, the "Defendant Property") from Michael Madlem.

4. The Defendant Property was seized from two residences owned by Michael Madlem including: 1380 Hilltop Overlook Drive, Marietta, Georgia, 30062 (the "Hilltop Residence") and 2862 Colleton Drive, Marietta, Georgia, 30060 (the "Colleton Residence"), both of which are within the jurisdiction and venue of this Court.

5. The Defendant Property remains within this Court's jurisdiction in the custody of the United States Customs and Border Patrol ("CBP").

6. The Defendant Property was seized because it constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

7. 18 U.S.C. § 981(a)(1)(C) provides that any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" is subject to forfeiture to the United States.

8. 18 U.S.C. § 1956(c)(7) defines "specified unlawful activity" in relevant part as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9.  18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

10. 21 U.S.C. § 881(a)(6) provides that all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and any proceeds traceable to such an exchange, are subject to forfeiture to the United States.

11. On February 26, 2012, CCPD and MCS sought and obtained Search Warrants 12-SW-0183 and 12-SW-0184 issued by Cobb County Magistrate Judge Louis Feingold authorizing the search of the residence, driveway, and vehicles located at the Hilltop Residence for illegal narcotics, and for documentation related to the purchase or sale of illegal narcotics, among other things.

12. Michael Madlem is the owner of the Hilltop Residence.

13. Michael Madlem owns several stores called "Smoke 911" for his business, Mad Dog Enterprises.

14. While executing search warrants 12-SW-0183 and 12-SW-0184 at the Hilltop Residence, CCPD and MCS officers located and seized the following items from the residence: a

large amount of United States currency (the first part of the Defendant $748,150.43 in United States currency); approximately 238 grams of marijuana; approximately 4,057 individually sealed packages of suspected synthetic marijuana; approximately 596 individually sealed packages of bath salts suspected of containing Methylenedioxypyrovalerone ("MDPV"), a Schedule 1 narcotic; one 2009 Chevrolet Corvette bearing VIN 1G1YY25W395109663; and assorted electronics more particularly described as: one 40 inch Samsung television bearing serial number B4X53CSS506170E; one 40 inch Samsung television bearing serial number AKWW3CQQ717314J; one Dell Inspiron Laptop bearing serial number CN-065152-48643-45K-3138; one Apple Macbook Pro Laptop bearing serial number C1MGPB0UDV13; one Apple iPad; one thumb drive; one digital video camera; and one LG LGMS910 cell phone.

15. During the search of the Hilltop Residence, CCPD officers observed invoices and receipts for Smoke 911 stores near and around the seized currency and narcotic substances.

16. CCPD and MCS officers also located and seized a large amount of United States currency from a 2005 Chevrolet

Uplander minivan registered to Serena Burkard that was parked in the driveway of the Hilltop Residence (the second part of the Defendant $748,150.43 in United States currency).

17. While CCPD officers were executing the search warrants at the Hilltop Residence, CCPD officers conducted an independent traffic stop on a white 2012 Dodge Avenger Serena Burkard was driving.

18. Upon requesting Burkard's information, the CCPD officer recognized that Burkard was affiliated with the Hilltop Residence.

19. Inside the Dodge Avenger, CCPD officers located a large amount of United States currency (the third part of the Defendant $748,150.43 in United States currency).

20. On March 14, 2012, Marietta, Cobb, Smyrna ("MCS") Narcotics officers executed Search Warrant 12-SW-0217 issued by Cobb County Magistrate Judge H L Mayes authorizing the search of the Colleton Residence for, among other things, illegal narcotics.

21. Michael Madlem is the owner of the Colleton Residence.

22. While executing search warrant 12-SW-0217 at the Colleton Residence, MCS officers located and seized the following

items from the residence: approximately $45,892.00 in United States currency; approximately 51 grams of marijuana; approximately 5 individually sealed packages of suspected synthetic marijuana; a suspected marijuana grow operation consisting of: a ballast used to limit the amount of current in an electric circuit, a ventilation system, fans, grow lights, soil, buckets and a carbon dioxide tank typically used for accelerating the growth of marijuana plants, and a plastic bag containing suspected marijuana seeds.

23. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds of a specified unlawful activity, namely dealing in a controlled substance or listed chemical.

24. The Defendant Property is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or it was used or intended to be used to facilitate the sale or exchange of a controlled substance.

WHEREFORE, the United States prays that:

1) The Court forfeit the Defendant Property to the United States of America;

2) The Court award Plaintiff the costs of this action; and

3) The Court grant such other relief as the Court deems just and proper under the facts and circumstances of this case.

This ___9th___ day of August, 2012.

                              Respectfully submitted,

                              Sally Quillian Yates
                              UNITED STATES ATTORNEY

                              /s/ Michael J. Brown
                              Michael J. Brown
                              Assistant U.S. Attorney
                              Georgia Bar No. 064437
                              600 U.S. Courthouse
                              75 Spring Street, S.W.
                              Atlanta, Georgia  30303
                              Telephone: (404) 581-6131
                              Facsimile: (404) 581-6234
                              michael.j.brown2@usdoj.gov

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| APPROXIMATELY $748,150.43 IN | : | |
| UNITED STATES CURRENCY; ONE 2009 | : | |
| CHEVROLET CORVETTE, VIN | : | |
| 1G1YY25W395109663; ASSORTED | : | |
| ELECTRONICS; AND APPROXIMATELY | : | |
| $45,892.00 IN UNITED STATES | : | |
| CURRENCY; | : | |
|     Defendants. | : | |

## Verification of Complaint for Forfeiture

I, Special Agent J. Blackmon of the U.S. Department of Homeland Security, Homeland Security Investigations, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This ___9___ day of August, 2012.

                                    SPECIAL AGENT J. BLACKMON
                                    U.S. DEPT. OF HOMELAND SECURITY,
                                    HOMELAND SECURITY INVESTIGATIONS